UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK COLSTON, | Case No. 11-14050 |
|       Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| MICKEL, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
|       Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 9)**

**I.     PROCEDURAL HISTORY**

On September 16, 2011, plaintiff filed a civil rights complaint against defendant Penny Mickel,[1] the Michigan Prisoner Reentry Initiative (MPRI) Coordinator at the Jackson Street Correctional facility and John Doe, the MPRI Coordinator for the Michigan Department of Corrections (MDOC).  (Dkt. 1). Plaintiff seeks injunctive relief and damages.  This matter was referred to the undersigned for all pretrial proceedings.  (Dkt. 7).  On January 30, 2012, defendant Mickleson filed a motion to dismiss.  (Dkt. 9).  Plaintiff filed a response on March 29, 2012.  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

---

[1] Mickel was incorrectly identified in the complaint as "Mickleson," first name unknown.

defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** in its entirety with prejudice.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Complaint

According to the complaint, before his discharge from prison, plaintiff sought assistance from Mickleson from the MPRI program. She, apparently, failed to respond. Plaintiff also sent a letter to John Doe at the MDOC in Lansing, explaining that he was being discharged on August 8, 2011 and needed assistance from the MPRI program. Apparently, plaintiff received no response. Plaintiff was discharged from prison on August 8, 2011 and has not received any assistance through the MPRI program. According to plaintiff, the failure to provide such assistance violates his constitutional right to equal protection and due process.

### B.   Defendant's Motion to Dismiss

In her motion to dismiss, defendant asserts that plaintiff's claim is barred by qualified immunity. As to the first prong of the applicable qualified immunity test, defendant argues that plaintiff fails to state a claim, citing a case with nearly identical facts, *Parr v. Caruso*, 2010 WL 727106 (W.D. Mich. 2010) in which the court rejected the plaintiff's due process and equal protection claims based on exclusion from the MPRI program. As to the second prong, defendant argues that even if plaintiff has stated a claim, the law was not clearly established and thus, she

is entitled to qualified immunity. Plaintiff has pointed to no precedent establishing such a right and thus, defendant argues she is protected by qualified immunity. Plaintiff also contends that injunctive relief is not available because plaintiff only sued her in her individual capacity, and not in her official capacity. Thus, she is not authorized to provide the injunctive relief plaintiff requests.

    C.    <u>Plaintiff's Response</u>

In plaintiff's response, he points out that defendant did not deny that he sent her the letters and never told him that she could not provide assistance under the MPRI program based on some criteria established by the MDOC. That is, defendant has not submitted any evidence that the MPRI prohibited her from assisting plaintiff. He also argues that defendant is not entitled to qualified immunity because the MPRI was clearly established at the time of the violation.

Plaintiff also claims that, under administrative law, once the MPRI program was established by promulgating a rule, defendant could not violate the MPRI program policy by refusing to provide assistance to plaintiff. In support of his claims, plaintiff attaches an affidavit from another prisoner, Richard Brock, discharged by the MDOC after 28 years, who received MPRI assistance. (Dkt. 13, Ex. C).[2]

---

[2] While the Court will not consider the affidavit in the context of a motion to dismiss, the Court notes that Mr. Brock claims in his sworn affidavit that he was released on November 9, 2009, however, according to the Michigan Offender

### III.   ANALYSIS AND CONCLUSION

####   A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to

---

Tracking Information System, he was released on September 21, 2011. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=114447.

dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiffs' *pro se* complaint indulgently and accept plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at

issue.).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    C.    <u>Defendant is Entitled to Qualified Immunity.</u>

The doctrine of qualified immunity provides that "'[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 2000), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant is required to raise the affirmative defense of qualified immunity, but the plaintiff bears the burden of showing that defendant is not entitled to qualified immunity. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002).

In *Saucier v. Katz*, the Supreme Court established a two-part test to

determine if a defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). In the first part of the test, a court must determine whether the facts of the case, viewed in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right." *Id*. at 201. In the second part of the test, a court must determine if "the right was clearly established." *Id*. If it is determined that the conduct in question violated a clearly established right, then the defense of qualified immunity does not apply. In *Pearson v. Callahan*, the Supreme Court determined that the two-parts of the qualified immunity test may be analyzed in any order. *Pearson v. Callahan*, 555 U.S. 223 (2009). Without having to engage in the perhaps more complicated decision of determining whether plaintiff's constitutional rights had been violated, the Court found that the constitutional right claimed by plaintiff was not clearly established where lower court case law was consistent with the conduct of the officers and "principles of qualified immunity [should] shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."

As to plaintiff's due process claim, the law is clear that he does not have constitutionally protected interest in rehabilitation programs generally, and specifically, the MPRI program, based on the Fourteenth Amendment. In concluding that a prisoner had no constitutional right to participate in the MPRI, Judge Maloney of the Western District of Michigan relied on a host of federal

authority concluding that prisoners have no constitutionally protected interest in prison vocational, rehabilitation, and educational programs. *Parr v. Caruso*, at *3, citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (no liberty or property interest in a rehabilitative program); *Sykes v. Carl Perkins Rehabilitation Center*, 1997 WL 572893, at *1 (6th Cir. 1997) (no liberty or property interest in federally funded prisoner rehabilitation program); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, 1998 WL 69810, at *2 (6th Cir. 1998) (no constitutional right to educational classes); *Tribell v. Mills*, 1994 WL 236499, at *1 (6th Cir. 1994) ("[N]o constitutional right to vocational or educational programs"). Pursuant to these authorities, the undersigned agrees with the reasoning of Judge Maloney and concludes that plaintiff has no due process claim arising from defendant's alleged denial of MPRI services. Plaintiff has cited no authority to the contrary and thus, has failed to meet his burden that the claimed constitutional right is well-established.

The result is the same for plaintiff's equal protection claim. While there is

less authority standing for the proposition that plaintiff's equal protection claim has been rejected (*see e.g.*, *Parr v. Caruso*), that is not the test that plaintiff must satisfy, as the Sixth Circuit recently explained:

> For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "It is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier*, 533 U.S. at 201). "The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074 (2011) (citing *Saucier*, 533 U.S. at 201-02). Thus, "[t]he relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).
>
> "We look first to the decisions of the Supreme Court, and then to the case law of this circuit in determining whether the right claimed was clearly established when the action complained of occurred." *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 964 (6th Cir. 2002) (citing *Black v. Parke*, 4 F.3d 442, 445 (6th Cir. 1993)). "[T]he case law must 'dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.'" *Id.* (quoting *Saylor v. Bd. of Educ. of Harlan Cnty.*, 118 F.3d 507, 515 (6th Cir. 1997)). Plaintiffs bear the burden of showing the claimed

right was clearly established. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).

*Clemente v. Vaslo*, ––– F.3d –––; 2012 WL 1673921 at *5 (6th Cir. 2012). In this case, plaintiff cites no authority, binding or otherwise, to support his claim that the actions of defendants in denying him access to the MPRI program violated his equal protection rights. Plaintiff's generalized claim that defendants violated his equal protection rights is insufficient to defeat a motion to dismiss based on qualified immunity. *See Brown v. Hale*, 2012 WL 1815625, *7 (M.D. Tenn. 2012).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** in its entirety as to all defendants,[3] with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

---

[3] Plaintiff's claim are equally unavailing as to the Doe defendant.

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 4, 2012                           s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on June 4, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin R. Himebaugh, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Mark Colston, c/o Carol Brown, 29047 Sandalwood, Roseville, MI 48066.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov